IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALCALAR; GREG EVANS; and of similarly situated individuals; | § § § | DCKT NO. _____ |
| *Plaintiff*, | § § | JURY TRIAL DEMANDED |
| -vs- | § § § | COLLECTIVE ACTION |
| WELDCO INDUSTRIAL, INC.; ARMONDO BADILLO | § § § | PURSUANT TO 29 U.S.C. §216(b) |
| *Defendant*. | § | |

PLAINTIFFS' COMPLAINT – COLLECTIVE ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES RICHARD ALCALAR and GREG EVANS, by and through their attorneys The Estes Law Firm, P.C., individually and on behalf of all others similarly situated individuals, and files this, their Complaint against Defendants as follows:

I. COLLECTIVE ACTION COMPLAINT

1. This is a collective action pursuant 29 U.S.C. §216(b) brought by Plaintiffs' Richard Alcalar and Greg Evans (hereinafter "Plaintiffs"), on behalf of themselves and all other similarly situated, which arises from Defendants' Weldco Industrial Inc.'s and Armondo Badillo's (hereinafter "Defendants") willful violations of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et seq*. and the Texas Labor Code, Chapters 61 and 62, for misclassification as independent contractors, failure to pay overtime premium wages, failure to pay all wages due upon separation from employment, failure to provide itemized earnings

statements, and failure to pay minimum wage for all time worked by providing a bona fide meal period.

2. All statements are made upon information and belief.

3. Plaintiff Richard Alcalar worked for Defendants as a mechanic and welder within the last two years and was regarded as an independent contractor but was properly a non-exempt employee under the FLSA and Texas Labor Code.

4. Plaintiff Greg Evans worked for Defendants as a mechanic and welder within the last two years and was regarded as an independent contractor but was properly a non-exempt employee under the FLSA and Texas Labor Code.

5. Defendant WeldCo Industrial, Inc. employed Plaintiffs to perform work for Defendants.

6. Defendant Armondo Badillo supervised and directed plaintiffs in their day-to-day job duties and exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship, and is therefore deemed an employer within the meaning of the FLSA, and therefore subject to liability.

7. Plaintiffs' were paid on an hourly basis but were only paid straight time, they never received an overtime premium in violation of 29 U.S.C. §207.

8. Defendants violated Texas Labor Code §61.014 by failing to pay Plaintiffs' in full not later than the sixth day after the date the employee was discharged or the next regularly scheduled payday if the employee left employment other than by discharge.

9. Defendants violated Texas Labor Code §62.003 by failing to give Plaintiffs' and others similarly situated, proper earning statements.

10. Defendants' violated 29 U.S.C. §206 and 29 CFR §785.19 by deducting an hour of pay from Plaintiffs' wages for a meal break which was not bona fide as Plaintiffs' were not relieved of all duty.

11. Plaintiff brings this claim under the FLSA and Texas Labor Code on behalf of all similarly situated employees who may choose to opt into this action pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

13. Venue is proper in this Court because the Plaintiff resides within this judicial district and because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## III.   PARTIES

14. Plaintiff Richard Alcalar is an individual and resident of Houston, Texas.  Plaintiff worked for Defendants as a mechanic and welder at various times during the class period.

15. Plaintiff Greg Evans is an individual and resident of Houston, Texas.  Plaintiff worked for Defendants as a mechanic and welder at various times during the class period.

16. Defendant Weldco Industrial, Inc. is a domestic corporation doing business in Texas.  It may be served at its registered agent Sandra Badillo, 5211 FM 2218, Richmond, Texas 77469.

17. Defendant Armondo Badillo is an individual who is or was an officer or director of Weldco Industrial, Inc. and may be served at 5211 FM 2218, Richmond, Texas 77469.  Defendant Armondo Badillo exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship and is therefore deemed an employer within the meaning of the FLSA and is therefore subject to liability.

## IV.     STATEMENT OF FACTS

18. All statements are made upon information and belief.

19. Plaintiffs' worked as mechanics and welders for the Defendants within the last two years.

20. Plaintiffs' would routinely work more than 40 hours per week.

21. Plaintiffs' were paid as independent contractors and received an hourly rate but never received an overtime premium.

22. During this time, Plaintiffs' worked exclusively for Defendants.

23. Defendants' set Plaintiffs hours and directed the course and scope of their work.

24. Plaintiffs' had no authority or ability to refuse to perform the work Defendants directed them to do.

25. Plaintiffs' received earnings statements that failed to provide them all of the required information including the name of the employee, the rate of pay, the total amount of pay earned by the employee during the pay period; any deductions made from the employee's pay and the purpose of the deduction; the amount of pay after all deductions are made; and the total of either the hours worked by employee or units produced by the employee during the pay period.

26. Plaintiffs' have all separated from employment but were not paid all of the wages they were due within the time period required by law.

27. Plaintiffs' had their wages reduced by one hour each day, during which time they were expected to take their meal break.  These meal breaks routinely lasted less than one hour and plaintiffs were always on duty or on call and therefore were not relieved of all duty.

## VI.     FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### Failure to Pay Overtime

28. Plaintiffs' incorporate herein all previously stated allegations.

29. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

30. Plaintiffs' regularly worked in excess of forty hours per week but were not paid any overtime premium for hours worked in excess of forty hours per week.

31. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs' overtime premium pay for hours worked in excess of forty hours per week.

32. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

33. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## VII.    SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### Failure to Pay for All Hours Worked by Providing a Bona Fide Meal Break

34. Plaintiffs' incorporate herein all previously stated allegations.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. 206(a), Defendants' must pay each of their employees at least the federal minimum wage of $7.25/hour for any hours worked.

36. Defendants' deducted one hour of wages from Plaintiffs' paychecks each day for their meal break.

37. Plaintiffs' were always on call or on duty during their meal break and were routinely ordered to return to work prior to the full hour being completed but their pay was always deducted by a full hour for their meal break.

38. Defendants' did not provide Plaintiffs' with a bona fide meal break as required under 29 CFR §785.19.

5

39. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs' at least the federal minimum wage for all time worked.

40. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

41. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## VIII. THIRD CAUSE OF ACTION
## VIOLATION OF THE TEXAS LABOR CODE
### Failure to Provide Proper Earnings Statements

42. Plaintiffs' incorporate herein all previously stated allegations.

43. Pursuant to Texas Labor Code §62.003, Defendants' must provide Plaintiffs' with an earnings statement at the end of each pay period which provides all of the information required in the statute, including but not limited to: the name of the employee, the rate of pay, the total amount of pay earned by the employee during the pay period; any deductions made from the employee's pay and the purpose of the deduction; the amount of pay after all deductions are made; and the total of either the hours worked by employee or units produced by the employee during the pay period.

44. Defendants' failed to provide Plaintiffs' with the required earnings statements.

45. Defendants knowingly, intentionally, and willfully failed to provide Plaintiffs' with the required earnings statements.

46. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

47. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## IX. FOURTH CAUSE OF ACTION
## VIOLATION OF THE TEXAS LABOR CODE
### Failure to Pay All Wages Due Upon Separation from Employment

48. Plaintiff incorporates herein all previously stated allegations.

49. Pursuant to Texas Labor Code §61.014, Defendants' must pay in full any employee who is discharged from employment not later than the sixth day after the date the employee is discharged; or must pay any employee in full who leaves employment other than by discharge, not later than the next regularly scheduled payday.

50. Plaintiffs' have all left employment of Defendants and it has been more than 31 days.

51. Defendants' have not paid Plaintiffs' all money they are due.

52. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs have suffered, and will continue to suffer, lost wages and other damages.

53. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## VIII. JURY DEMAND

54. Plaintiffs', individually and on behalf of the putative class, demands a trial by jury for all issues of fact.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' Richard Alcalar and Greg Evans, on behalf of themselves individually and on behalf of all other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for individuals throughout the State of Texas who performed work as mechanics or welders for Defendants, who were not paid overtime premiums which they are owed, who were not paid at least the federal minimum wage for all time worked , who were not provided

proper earnings statements, or who were not paid all of their wages in full when due upon separation from employment, to opt-in to this action pursuant to §216(b) of the FLSA;

    b.    Judgement that the Defendants' conduct was willful;

    c.    All damages to which the named Plaintiff and class members may be entitled;

    d.    Liquidated and multiple damages as allowed by law, including double damaged under the FLSA and Texas Labor Code;

    e.    Penalties as provided for under the FLSA including pursuant to Section 216 and the Texas Labor Code;

    f.    An injunction prohibiting Defendants' from further violations of the law as described above;

    g.    Pre and post judgment interest;

    h.    Attorney's fees and costs; and

    i.    Any other relief to which Plaintiff and class members may be entitled.

Dated: March 20, 2020

Respectfully submitted,

/s/ *John Cruickshank*
By: John Cruickshank
john@cruickshank.attorney
Texas Bar No. 24045730
Federal Bar No. 910674
joshuaestes@estespc.net
Texas Bar No. 24043651
Federal Bar No. 637546
716 S. Union St.
Richmond, Texas 77469
Tel. (281) 238-5400
Fax. (281) 238-5015
***Attorneys for Richard Alcalar and Greg Evans***

# Exhibit A

**CONSENT TO JOIN COLLECTIVE ACTION**

**Pursuant to Fair Labor Standards Act 29 U.S.C. Section 216(b)**

1. I was employed by Defendants and performed work on their behalf.  I consent and agree to pursue my claims in a lawsuit arising out of my employment.
2. During the time I worked for Defendants, I routinely worked more than forty hours in certain weeks.  I have not been paid overtime (time-and-a-half) for these hours.
3. I understand that the lawsuit will be brought under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.
4. I hereby designated The Estes Law Firm, P.C., Josh Estes, Esq. and John Cruickshank, Esq. and any additional counsel they may associate with, to represent me for all purposes in this action.

Signature:  _Richard_____          Date:  _3/18/2020___

Print Name:  _Richard   Alacalar_

## CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act 29 U.S.C. Section 216(b)

1. I was employed by Defendants and performed work on their behalf.  I consent and agree to pursue my claims in a lawsuit arising out of my employment.
2. During the time I worked for Defendants, I routinely worked more than forty hours in certain weeks.  I have not been paid overtime (time-and-a-half) for these hours.
3. I understand that the lawsuit will be brought under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.
4. I hereby designated The Estes Law Firm, P.C., Josh Estes, Esq. and John Cruickshank, Esq. and any additional counsel they may associate with, to represent me for all purposes in this action.

Signature: _[signed] Greg Evans_   Date: 3/20/2020

Print Name: Greg Evans