IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK FULLER; Thaddeus Edwards; Jarvis Sandifer; and of similarly situated individuals; | § § § § § § § § § § § § § § | DCKT NO. _____ |
| | | JURY TRIAL DEMANDED |
| *Plaintiffs*, | | |
| -vs- | | |
| | | COLLECTIVE ACTION |
| JUMPSTER ENTERPRISES LLC; TForce Final Mile LLC; Office Depot, Inc.; Brian Tyson; and Kathleen Tyson | | PURSUANT TO 29 U.S.C. §216(b) |
| *Defendants*. | | |

PLAINTIFFS' COMPLAINT – COLLECTIVE ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES FREDERICK FULLER; THADDEUS EDWARDS; and JARVIS SANDIFER, by and through their attorneys The Estes Law Firm, P.C., individually and on behalf of all others similarly situated individuals, and files this, their Complaint against Defendants as follows:

### I.  COLLECTIVE ACTION COMPLAINT

1. This is a collective action brought pursuant to 29 U.S.C. §216(b) by Plaintiffs' Frederick Fuller, Thaddeus Edwards, Jarvis Sandifer, on behalf of themselves and all others similarly situated, which arises from Defendants' willful violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et seq.* and the Texas Labor Code, Chapters 61 and 62, for misclassification as independent contractors, failure to pay the minimum wage for all time worked, failure to pay overtime premium wages, unlawfully deducting Plaintiffs' wages, failure to pay all wages due upon separation from employment, and failure to provide itemized earnings statements.

2. All statements are made upon information and belief.

3. Defendant Jumpstar Enterprises LLC employed plaintiffs as delivery drivers to deliver packages and furniture.

4. Defendant TForce Final Mile LLC employed plaintiffs as delivery drivers to deliver packages and furniture.

5. Defendant Office Depot, Inc. employed plaintiffs as delivery drivers to deliver packages and furniture.

6. Defendant Brian Tyson supervised and directed plaintiffs in their day-to-day job duties.

7. Defendant Kathleen Tyson supervised and directed plaintiffs in their day-to-day job duties.

8. Defendants' Brian Tyson and Kathleen Tyson exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship and are therefore deemed an employer within the meaning of the FLSA, and are therefore subject to liability.

9. Plaintiffs' worked as delivery drivers for Defendants' but never drove across state lines and are not covered by the motor carrier exemption to the FLSA.

10. Plaintiffs' were not exempt from the overtime requirements of the FLSA.

11. Plaintiffs' appear to have been regarded as independent contractors but were clearly employees within the meaning of the FLSA and Texas Labor Code.

12. Defendants' deducted from Plaintiffs' wages the costs of gasoline for the delivery trucks and the cost of diesel exhaust fluid.  Plaintiffs' never consented to these deductions and never signed any authorization in writing, in violation of Texas Labor Code §61.018.  These deductions occasionally pushed their wages below the minimum wage, in violation of 29 U.S.C. §206 and Texas Labor Code §62.051.

13. Plaintiffs' were paid on a piece rate basis and were never paid an overtime premium despite frequently working more than 40 hours in a work week, in violation of 29 US.C. §207.

14. Defendants violated Texas Labor Code §61.014 by failing to pay Plaintiffs' in full not later than the sixth day after the date the employee was discharged or the next regularly scheduled payday if the employee left employment other than by discharge.

15. Defendants violated Texas Labor Code §62.003 by failing to give Plaintiffs' and others similarly situated, proper earning statements.

16. Plaintiff brings this claim under the FLSA and Texas Labor Code on behalf of all similarly situated employees who may choose to opt into this action pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

17. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

18. Venue is proper in this Court because two Plaintiffs' reside within this judicial district, and because all or a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within this District.

## III. PARTIES

19. Plaintiff Frederick Fuller is an individual and resident of Houston, Texas. Plaintiff worked for Defendants as a delivery driver at various times during the class period.

20. Plaintiff Thaddeus Edwards is an individual and resident of Houston, Texas. Plaintiff worked for Defendants as a delivery driver at various times during the class period.

21. Plaintiff Jarvis Sandifer is an individual and resident of Mississippi. Plaintiff worked for Defendants as a delivery driver at various times during the class period.

22. Defendant Jumpstar Enterprises, LLC d/b/a Jumpstar Logistics is a domestic corporation doing business in Texas. It may have forfeited its corporate existence on February 2, 2018, Jumpstar Enterprises, LLC may be served at its registered agent Brian Tyson, 12807 Haynes Rd., Bldg. J, Houston, Texas 77066.

23. Defendant TForce Final Mile LLC, is a foreign corporation doing business in Texas. It may be served at its registered agent Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas, 78701.

24. Defendant Office Depot, Inc. is a foreign corporation doing business in Texas. It may be served at its registered agent C T Corporation, 1999 Bryan St. Ste. #900, Dallas, Texas 75201.

25. Defendant Brian Tyson is an individual who is or was an officer or director of Jumpstar Enterprises and may be served at 12807 Haynes Rd., Bldg. J, Houston, Texas 77066 or 33300 Egypt Lane, Montgomery, Texas 77316. Defendant Brian Tyson exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship and is therefore deemed an employer within the meaning of the FLSA and is therefore subject to liability.

26. Defendant Kathleen Tyson is an individual who is or was an officer or director of Jumpstar Enterprises and may be served at 12807 Haynes Rd., Bldg. J, Houston, Texas 77066 or 33300 Egypt Lane, Montgomery, Texas 77316. Defendant Kathleen Tyson exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship and is therefore deemed an employer within the meaning of the FLSA and is therefore subject to liability.

## IV.   STATEMENT OF FACTS

27. All statements are made upon information and belief.

28. Plaintiffs' worked as delivery drivers for the Defendants. Plaintiffs' would pick up Office Depot, Inc. packages and furniture from a TForce Final Mile, LLC warehouse, and drive the packages in Jumpstar Enterprises LLC delivery trucks to the Office Depot, Inc. customers who purchased the packages and furniture.

29. Plaintiffs' would routinely work more than 40 hours per week.

30. Plaintiffs' would often work 14 hours a day, 5 days a week.

31. Plaintiffs' were paid on a piece rate basis. They were paid per package or piece of furniture delivered.

32. Plaintiffs' never received a 1099 or W-2 statement from Defendants.

33. Plaintiffs' drove trucks that were owned by Defendants.

34. Plaintiffs' drove trucks that had Defendants' name on the side of them.

35. Plaintiffs' drove trucks that had Department of Transportation registration numbers that were issued to Defendants.

36. Plaintiffs' wore uniforms that bore Defendants' logo and identifying information.

37. Plaintiffs' were covered under insurance policies which were paid for by Defendants.

38. Plaintiffs' delivered packages following a delivery schedule which was provided to them each day by Defendants.

39. Plaintiffs' had no authority or ability to refuse the delivery schedule which was provided to them.

40. Plaintiffs' were given a credit card to use to purchase fuel and diesel exhaust fluid for use in the Defendants' trucks. Plaintiffs' then had any amounts charged to those credit cards deducted from their wages. In several instances, these deductions pushed their wages below the minimum wage.

41. Plaintiffs' never consented to deductions of their wages for the cost of purchasing fuel and diesel exhaust fluid for Defendants' vehicles and never signed a written authorization.

42. Plaintiffs' received earnings statements that failed to provide them all of the required information including the name of the employee, the rate of pay, the total amount of pay earned by the employee during the pay period; any deductions made from the employee's pay and the purpose of the deduction; the amount of pay after all deductions are made; and the total of either the hours worked by employee or units produced by the employee during the pay period.

43. Plaintiffs' have all separated from employment but were not paid all of the wages they were due within the time period required by law.

## V. COLLECTIVE ACTION

44. This cause of action is brought as a collective action under FLSA, 29 U.S.C. §216(b).

45. Plaintiffs' bring this cause of action on behalf of themselves and all other similarly situated hourly employees of Defendants who have worked as drivers from three years prior to the date of the filing of this action through the date of final judgment in this matter.

46. Plaintiffs' and other hourly employees who worked as drivers are "similarly situated" as that term is used in 29 U.S.C. §216(b) in that they all performed similar job duties, were paid in a similar manner, and were subject to similar control and direction by Defendants. Consequently, the proposed class of plaintiffs were all subjected to a common scheme or plan of Defendants to deny them all of the wages to which they are entitled. Thus, resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

47. The similarly situated hourly employees proposed as class members in this action are known to Defendants, are readily identifiable, and may be located through Defendants' records, as

well as the records of any payroll companies that Defendants have utilized. Defendants have employed, and continue to employ, many hourly employees throughout the state of Texas. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into a class pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for unpaid wages, civil fines, liquidated damages, interest, and attorneys' fees and costs under the FLSA and Texas Labor Code.

48. A copy of Frederick Fuller's, Thaddeus Edwards', and Jarvis Sandifer's consents to bring this claim for failure to pay minimum wages, overtime wages, failure to pay all amounts due within the required time after separation from employment, failure to provide a particularized earnings statement, and the unlawful deduction of wages, under the FLSA and Texas Labor Code is attached hereto as Exhibit A.

## VI.   FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### Failure to Pay Overtime
*(Against all Defendants)*

49. Plaintiffs' incorporate herein all previously stated allegations.

50. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

51. Plaintiffs' regularly worked in excess of forty hours per week but were not paid any overtime premium for hours worked in excess of forty hours per week.

52. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs' overtime premium pay for hours worked in excess of forty hours per week.

53. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

54. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### VII.    SECOND CAUSE OF ACTION
### Count 1:   VIOLATION OF THE FAIR LABOR STANDARDS ACT
### Failure to Pay Minimum Wage
*(Against all Defendants)*

55. Plaintiffs' incorporate herein all previously stated allegations.

56. Pursuant to the Fair Labor Standards Act, 29 U.S.C. 206(a), Defendants' must pay each of their employees at least the federal minimum wage of $7.25/hour for any hours worked.

57. Plaintiffs' performed work for Defendants' within the last two years.

58. Plaintiffs' were paid on a piece rate basis.

59. Plaintiffs' were routinely and regularly paid amounts that fell below the federal minimum wage of $7.25/hour.

60. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs' at least the federal minimum wage for all time worked.

61. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

62. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### Count 2:    VIOLATION OF THE TEXAS LABOR CODE
### Failure to Pay Minimum Wage
*(Against all Defendants)*

63. Plaintiff incorporates herein all previously stated allegations.

64. Pursuant to Texas Labor Code §62.051, Defendants' must pay each of their employees at least the federal minimum wage of $7.25/hour for any and all hours worked.

65. Plaintiffs' performed work for Defendants' within the last two years.

66. Plaintiffs' were paid on a piece rate basis.

67. Plaintiffs' were routinely and regularly paid amounts that fell below the federal minimum wage of $7.25/hour.

68. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs' the minimum wage for all hours worked.

69. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

70. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## VIII.   THIRD CAUSE OF ACTION
### VIOLATION OF THE TEXAS LABOR CODE
### Failure to Provide Proper Earnings Statements
*(Against all Defendants)*

71. Plaintiffs' incorporate herein all previously stated allegations.

72. Pursuant to Texas Labor Code §62.003, Defendants' must provide Plaintiffs' with an earnings statement at the end of each pay period which provides all of the information required in the statute, including but not limited to: the name of the employee, the rate of pay, the total amount of pay earned by the employee during the pay period; any deductions made from the employee's pay and the purpose of the deduction; the amount of pay after all deductions are made; and the total of either the hours worked by employee or units produced by the employee during the pay period.

73. Defendants' failed to provide Plaintiffs' with the required earnings statements.

74. Defendants knowingly, intentionally, and willfully failed to provide Plaintiffs' with the required earnings statements.

75. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

76. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### IX.   FOURTH CAUSE OF ACTION
### VIOLATION OF THE TEXAS LABOR CODE
### Failure to Pay All Wages Due Upon Separation from Employment
*(Against all Defendants)*

77. Plaintiff incorporates herein all previously stated allegations.

78. Pursuant to Texas Labor Code §61.014, Defendants' must pay in full any employee who is discharged from employment not later than the sixth day after the date the employee is discharged; or must pay any employee in full who leaves employment other than by discharge, not later than the next regularly scheduled payday.

79. Plaintiffs' have all left employment of Defendants and it has been more than 31 days.

80. Defendants' have not paid Plaintiffs' all money they are due.

81. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs have suffered, and will continue to suffer, lost wages and other damages.

82. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### X.  FIFTH CAUSE OF ACTION
### VIOLATION OF THE TEXAS LABOR CODE
### Conducting of Unlawful Deductions
*(Against all Defendants)*

83. Plaintiffs' incorporate herein all previously stated allegations.

84. Pursuant to Texas Labor Code §61.018, Defendants' may not withhold or divert any part of an employee's wages unless the employer is authorized to do so by a court of competent jurisdiction; is authorized to do so by state or federal law; or the employer has written authorization from the employee to deduct part of the wages for a lawful purpose.

85. Defendants' repeatedly deducted from Plaintiffs' wages for the costs of fuel, diesel exhaust fluid, and other costs.

86. Plaintiffs' never signed a written authorization permitting the deductions.

87. Defendants' did not have lawful authority to deduct Plaintiffs' wages.

88. Defendants' knowingly, intentionally, and willfully unlawfully deducted Plaintiffs' wages.

89. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, lost wages and other damages.

90. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## VIII.   JURY DEMAND

91. Plaintiffs', individually and on behalf of the putative class, demands a trial by jury for all issues of fact.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' Frederick Fuller, Thaddeus Edwards, and Jarvis Sandifer, on behalf of themselves individually and on behalf of all other persons similarly situated, known and unknown, request that this Court enter the following relief:

      a.      Permission for individuals throughout the State of Texas who performed work as drivers for Defendants, who were not paid overtime premiums which they are owed, who were not paid at least the federal minimum wage for all time worked, who were not provided proper earnings statements, who were not paid all of their wages in full when due upon separation from employment, or who had their wages unlawfully deducted, to opt-in to this action pursuant to §216(b) of the FLSA;

      b.      Judgement that the Defendants' conduct was willful;

      c.      All damages to which the named Plaintiff and class members may be entitled;

      d.      Liquidated and multiple damages as allowed by law, including double damaged under the FLSA and Texas Labor Code;

      e.      Penalties as provided for under the FLSA including pursuant to Section 216 and the Texas Labor Code;

      f.      An injunction prohibiting Defendants' from further violations of the law as described above;

      g.      Pre and post judgment interest;

      h.      Attorney's fees and costs; and

      i.      Any other relief to which Plaintiff and class members may be entitled.

Dated: March 20, 2020

Respectfully submitted,

/s/ *John Cruickshank*
By: John Cruickshank
john@cruickshank.attorney
Texas Bar No. 24045730
Federal Bar No. 910674

joshuaestes@estespc.net
Texas Bar No. 24043651
Federal Bar No. 637546
716 S. Union St.
Richmond, Texas 77469
Tel.  (281)  238-5400
Fax. (281)  238-5015
***Attorneys for Frederick Fuller, Thaddeus Edwards, and Jarvis Sandifer***

# Exhibit A

## CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act 29 U.S.C. Section 216(b)

1. I was employed by Defendants and performed work on their behalf. I consent and agree to pursue my claims in a lawsuit arising out of my employment.
2. During the time I worked for Defendants, I routinely worked more than forty hours in certain weeks. I have not been paid overtime (time-and-a-half) for these hours.
3. I understand that the lawsuit will be brought under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.
4. I hereby designated The Estes Law Firm, P.C., Josh Estes, Esq. and John Cruickshank, Esq. and any additional counsel they may associate with, to represent me for all purposes in this action.

Signature: _F.F._    Date: 2/6/2020

Print Name: _Frederick Fuller_

## CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act 29 U.S.C. Section 216(b)

1. I was employed by Defendants and performed work on their behalf. I consent and agree to pursue my claims in a lawsuit arising out of my employment.
2. During the time I worked for Defendants, I routinely worked more than forty hours in certain weeks. I have not been paid overtime (time-and-a-half) for these hours.
3. I understand that the lawsuit will be brought under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.
4. I hereby designated The Estes Law Firm, P.C., Josh Estes, Esq. and John Cruickshank, Esq. and any additional counsel they may associate with, to represent me for all purposes in this action.

Signature: _/s/ Jarvis Sandifer_     Date: 2-12-20

Print Name: Jarvis Sandifer

## CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act 29 U.S.C. Section 216(b)

1. I was employed by Defendants and performed work on their behalf. I consent and agree to pursue my claims in a lawsuit arising out of my employment.
2. During the time I worked for Defendants, I routinely worked more than forty hours in certain weeks. I have not been paid overtime (time-and-a-half) for these hours.
3. I understand that the lawsuit will be brought under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.
4. I hereby designated The Estes Law Firm, P.C., Josh Estes, Esq. and John Cruickshank, Esq. and any additional counsel they may associate with, to represent me for all purposes in this action.

Signature: *[signature]*

Date: 2-12-20

Print Name: Thaddeus L. Edwards