IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK FULLER, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-1027 |
| JUMPSTAR ENTERPRISES LLC, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM ORDER AND OPINION**

On July 2, 2021, defendant Brian Tyson filed a Suggestion of Bankruptcy in this civil case, which had been filed in 2020. (Docket Entry No. 37). Tyson had petitioned for bankruptcy on November 16, 2016, in the United States Bankruptcy Court for the Southern District of Texas, Case No. 16-35727. That case remains pending. Tyson suggested that the pending bankruptcy action automatically stayed this lawsuit under 11 U.S.C. § 362(a). The court ordered the defendants to show cause as to whether a bankruptcy stay extended to all defendants. (Docket Entry No. 38). The parties replied. (Docket Entries Nos. 39, 40, 41, 42). Based on the responses, the record, and the applicable law, the court determines that no stay under 11 U.S.C. § 362(a) applies.

"After a bankruptcy petition is filed, an automatic stay arises in favor of the debtor." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 353 (5th Cir. 2008). The stay prohibits "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have commenced before commencement of" the bankruptcy proceedings. 11 U.S.C. § 362(a)(1). "The purpose of the automatic stay is to reinforce the jurisdiction of the bankruptcy court over the debtor's assets and forestall the race to levy upon or

make claims against the debtor's property with possibly inconsistent results." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985).

Brian Tyson filed a Chapter 13 bankruptcy petition in 2016. (Docket Entry No. 37-1). The bankruptcy has not been dismissed or discharged. *See In re Tyson, Brian Keith*, Case No. 16-35727 (Bankr. S.D. Tex.). The automatic stay under 11 U.S.C. § 362(a) would bar the commencement or continuation of any action against Tyson that was or could have been commenced before Tyson filed for bankruptcy. The automatic stay does not bar a postpetition civil action. *See Holland Am Ins. Co.*, 777 F.2d at 996 ("The stay simply does not apply to post-bankruptcy events."); *see also Campbell*, 545 F.3d at 353; *In re Gull Air, Inc.*, 890 F.2d 1255, 1263 (1st Cir. 1989); *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991); *Taylor v. First Fed. Sav. & Loan Ass'n of Monessen*, 843 F.2d 153, 154 (3d Cir. 1988).

The plaintiffs commenced this lawsuit on March 23, 2020, nearly four years after Tyson had filed for bankruptcy. (Docket Entry No. 2). The plaintiffs alleged that the defendants, including Tyson, violated the Fair Labor Standards Act and the Texas Labor Code by failing to pay employees of alleged joint-employers, Jumpstar Enterprises LLC and TForce Final Mile LLC, minimum wage, provide proper earnings statements, and pay the wages due on separation from employment. (Docket Entry No. 2 at ¶¶ 49–82). The plaintiffs alleged that Tyson "is or was an officer or director of Jumpstar Enterprises." (*Id.* at ¶ 25). The plaintiffs also alleged that the defendants made unlawful deductions from the plaintiffs' wages. (*Id.* at ¶¶ 83–90). The plaintiffs claimed that they "performed work for Defendants within the last two years," and that

the defendants violated the Fair Labor Standards Act and Texas Labor Code during that time.[1] The plaintiffs could not have commenced an action for federal and state wage violations that occurred between 2018 and 2020 before Tyson filed for bankruptcy in 2016. The bankruptcy stay under 11 U.S.C. § 362(a) does not prevent this postpetition civil action from proceeding. *See Campbell*, 545 F.3d at 353; *Holland Am. Ins. Co.*, 777 F.2d at 996.

Although 11 U.S.C. § 362(a)(1) does not bar the commencement of an action against Tyson on this postpetition claim, 11 U.S.C. §§ 362(a)(3) and (a)(4) prevent the plaintiffs from using the action to "obtain possession of property of [Tyson's] estate or property the estate," or "to create, perfect, or enforce any lien against the property of the Estate." "For purposes of the automatic stay," however, "bankruptcy courts distinguish between judgments and attempts to enforce judgments." *My Favorite Muffin Too, Inc. v. DK Holdings, Inc.*, 61 F. Supp. 2d 781, 783 (N.D. Ill. 1999); *see also In re Cont'l Air Lines, Inc.*, 61 B.R. 758, 779 (Bankr. S.D. Tex. 1986); *Connor v. Howe*, 344 F. Supp. 2d 1164, 1172 (S.D. Ind. 2004); *In re Qimonda AG*, 482 B.R. 879, 898–99 (Bankr. E.D. Va. 2012); *In re Reynard*, 250 B.R. 241, 245 (Bankr. E.D. Va. 2000).

The plaintiffs in this action may proceed in district court to establish liability and damages based on conduct that occurred postpetition, without violating the automatic stay. *See Larami Ltd. v. Yes! Ent. Corp.*, 244 B.R. 56, 60 (Bankr. D.N.J. 2000) ("[P]laintiff's cause of action arose post-petition and § 362(a)(3) does not bar plaintiff from seeking damages before this court."); *Amplifier Rsch. Corp. v. Hart*, 144 B.R. 693, 695 (Bankr. E.D. Pa. 1992). The automatic stay may, however, prevent the plaintiffs from enforcing any judgment they might

---

[1] An action under the Fair Labor Standards Act must be "commenced within two years after the cause of action accrued," 29 U.S.C. § 255(a), and "[a]n action to recover liability" under the Texas Labor Code, Chapter 62, "must be brought no[] later than the second anniversary of the date on which the unpaid wages are due and payable," Tex. Lab. Code § 62.202.

receive in this civil action, absent relief from the bankruptcy court, or the discharge or dismissal of the bankruptcy petition in the intervening period.[2] *In re Reynard*, 250 B.R. at 245; *Connor*, 344 F. Supp. 2d at 1172.   The parties can cross this bridge if, and when, they get to it.  For now, this civil action may proceed against all defendants.

        SIGNED on October 1, 2021, at Houston, Texas.

                                      Lee H. Rosenthal
                                Chief United States District Judge

---

[2] The Chapter 13 Trustee filed a motion to dismiss the bankruptcy on September 28, 2021, that is pending. (Case No. 16-35727, Docket Entry No. 243).